EMILY M. FRANK, also known as Emily M. Cofrancisco, v. FRANK KEMPCZYNSKI.

(*February* 8, 1950.)

LAYTON, J., sitting.

*Thomas Herlihy, Jr.,* for the Plaintiff.

*William Prickett* for the Defendant.

Superior Court for New Castle County, Civil Action No. 9, 1950.

The particular items concerning which defendant has moved for a more particular statement are as follows:

"Drugs and medicines purchased from Latin-American
Drug Company, Wilmington, Delaware .......$   100.00
Transportation expenses to doctors, hospitals and for oth-
er necessary purposes resulting from the injury ..   300.00
Clothing and glasses damage ......................   100.00
Will Hospital, 16th & Spring Garden St., Philadelphia,
Pennsylvania  ............................:.......   100.00
University of Pennsylvania Hospital, Philadelphia, Penn-
sylvania  ................................:...:   ·150.00
Loss of wages ..................................· 6,000.00
Board and lodging to Mrs. Ann Dougherty, Wilmington,
Delaware  ................................. 1,500.00
Dr. Edmund B. Spaeth, Philadelphia, Pennsylvania ...   100.00"

Rule 9 (g) of the Superior Court Rules reads as follows: "(g). Special Damage. When items of special damage are claimed, they shall be specifically stated."

Defendant's motion for further specification of special damages is very searching. For instance, as to the out of pocket expenses for $100 for drugs, he seeks to know the kind of drugs and medicine purchased, from whom purchased and the dates and cost of each purchase. The details of all the other claimed items of damage are sought with equal particularity.

LAYTON, Judge.

Plaintiff has stated her items of special damage with reasonable certainty. She has broken them down into hospital bills, doctor's bills, drugs, loss of wages, board and lodging, etc. This is all that Rule 9 (g) requires. What defendant is seeking is an itemization of the various items of plaintiff's claim for special damages. Such a result would compel the statement of special damages to be drawn out in greater detail than formerly required by the rules of Common Law pleading prior to the adoption of the new rules of this Court. The Discovery Rules provide other means by which defendant may obtain such highly detailed information.

Motion is denied.